
**COM**
JOEL C HOFFMAN
27114 Presley Street
Menifee. CA, 92586
(702)544-1771
Plaintiff, *In proper person*

FILED
2022 SEP -1 PM 2:31
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

FEE PAID

DISTRICT COURT

RIVERSIDE COUNTY, CALIFORNIA

EDCV22-01547-JGB(SHKx)

| | |
|---|---|
| JOEL C. HOFFMAN and SANDRA HOFFMAN | CASE NO: |
| | DEPT. NO: |
| Plaintiffs, | |
| vs. | DATE: |
| SEDGWICK CLAIMS MANAGEMENT; ;and VALORIE FLETCHER individually; and as an employee of SEDGWICK CLAIMS MANAGEMENT and ROE CORPORATIONS 1-100 and DOES 1-100 | TIME: |
| Defendants | |

## COMPLAINT

COMES NOW the Plaintiffs, SANDRA HOFFMAN and JOEL C. HOFFMAN (hereinafter "Plaintiffs") *In Proper Person*, and for their cause of action against the Defendants, and each of them, complains and alleges as follows:

**THE PARTIES AND GENERAL ALLEGATIONS COMMON TO ALL CLAIMS**

1. At all times mentioned herein, Plaintiff, SANDRA HOFFMAN (hereinafter "Sandy"} is an adult female resident of the County of Riverside, State of California; and

-1-

2. At all times mentioned herein, Plaintiff, JOEL C. HOFFMAN (hereinafter "Joel") is an adult male resident of the County of Riverside, State of California; and

3. At all times mentioned herein, Defendant, SEDGWICK CLAIMS MANAGEMENT (hereinafter "Sedgwick") is a national company with an office situated at 1450 Iowa Avenue, Suite 200, Riverside, California 92507; and

4. At all times mentioned herein, Defendant, Valorie Fletcher (hereinafter "Fletcher") was and still is, as of this writing, an employee of Defendant, Sedgwick.; and

5. At all times mentioned herein, Defendants, their agents, partners, servants,  scope of their business or contract or that the unlawful actions an/or in actions of a Defendant herein is lawfully imputed to each and every other Defendant herein; and

6. The true names, identities or capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES 1 through100 and ROE CORPORATIONS 1 through 100, inclusive are presently unknown to Plaintiffs who therefore  sues said Defendants by such fictitious names; Plaintiffs are informed and believes and thereupon alleges, that each of the Defendants sued herein as DOES 1 through 100, and ROE CORPORATIONS 1 through 100, inclusive, are responsible in some manner for the events and happenings herein referred to which thereby, proximately caused the injuries and damages suffered by Plaintiffs, as alleged herein; when the true names, identities and

capacities of said Defendants, together with the proper charges and allegations, and to join such Defendants in this action; and

7. At all times mentioned herein, Defendants, DOES 1 through 100 and ROE CORPORATIONS 1 through100, inclusive, were the agents, partners, servants, employees and contractors of each other, and each of them, and all other Defendants herein. And were acting within the course and scope of their agency, employment or contract with each other so that the unlawful actions and/or inactions of a Defendant so names as a ROE or DOE herein is lawfully imputed to each and every other Defendant herein.

## FACTUAL ALLEGATIONS

8. On April 17, 2021 Plaintiffs Sandy and Joel checked into the Hilton Hawaiian Village to start a seven (7) day vacation; and

9. On April 19, 2021 Plaintiff Sandy went into the bathtub to take a shower. The tub did not have any safety skids or a bathmat on the floor of the tub; and

10. The floor of the tub was like a sheet of ice and due to the failure of the Hilton to provide any safeguards for its guests and their outright negligence, Sandy slipped and fell in the tub; and

11. Neither Joel nor Sandy were able to get Sandy upright on her own two legs. It was therefore necessary to call hotel security for their assistance; and

12. Hotel security called the paramedics to get Sandy out of the tub; and

13. The paramedics transported Sandy to the Straub Medical Center, a division of Hawaii Pacific Health.

14. Sandy was examined and diagnosed with a displaced lateral malieolus of the left fibula and strain of the knee; and

15. The Emergency Room technician wrapped the ankle with an ACE Bandage and advised follow-up with an Orthopedist; Plaintiffs provided their insurance information at that time; and

16. On or about April 20, 2021, Joel took Sandy via Taxi to the All Access Ortho clinic in Honolulu for follow-up. They wrapped her ankle and placed her foot in a "BOOT" and advised not to put any weight on her foot, which she was unable to do anyways due to the excruciating pain it would cause. The bill for their services was $300.00 which was submitted to Aetna Insurance Company, which was Plaintiff Sandy's medical insurance carrier and

17. As a result of the accident, Sandy had to have surgery on her ankle wherein the placed a metal support and five (5) screws in her leg. This caused a great deal more pain and a six week recovery before she was allowed to put any weight on her leg; and

18. Plaintiffs filed a claim against the Hilton property which was turned over to Defendant Sedgwick; and

19. Straub medical center sent a bill to Defendant Sedgwick in the amount of $3,053.00. This bill was never sent to Plaintiffs until July of 2022, fifteen (15) months after the accident; and Plaintiffs filed a claim against the Hilton who turned it over to the Defendant Sedgwick.; and

20. The claim was managed by Defendant Fletcher who said she requested medical bills and reports from all of the providers; and
21. After waiting a month and then contacting Fletcher for the results, Fletcher advised she has not had any responses. Plaintiff Joel then proceeded to contact all of the providers and received all of the necessary bills and reports that he was aware of, that Defendant Fletcher was unable to obtain and submitted them to Fletcher; and
22. Plaintiff Joel submitted a list of all bills paid by Aetna and all bills paid by Joel. Defendant Fletcher then agreed to a settlement of $75,000.00 with a separate check in the amount of $10,620.20 made payable to Aetna for reimbursement of the amounts paid by them. This amount was deducted from the gross settlement and a separate check was issued to Plaintiffs in the amount of $64,379.80: and
23. If Plaintiffs had this bill at the time of settlement, they would not have settled for the amount previously stated; and
24. Plaintiff advised Straub to submit the bill to Aetna, which they did; and
25. Aetna denied the claim stating, *"We have denied all or part of this claim. However you are not responsible for paying the billed amount because you received this service from an Direct Access HMO Medicare (Aetna) provider OR based on a referral from an Direct Access HMO – Medicare (Aetna provider'.*; and
26. Plaintiffs refuse to pay this bill. Straub is claiming that it is a third party claim and Aetna has no part of it. Had Straub submitted to Aetna, as every other provider, including the EMS transport, they would have

either been paid at that time or the amount would have been written off; and

27. Straub called Joel on August 30, 2022 and made a claim for payment. Joel placed a conference call between Straub and Fletcher who acknowledged that she knew about the bill but didn't tell Plaintiffs; and

28. Straub is now threatening to turn this over for collection: Both Plaintiffs have EXCELLENT credit. This could damage their credit standings.

## FIRST CAUSE OF ACTION

### (Fraud)

29. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 28 herein as though set forth in full, and incorporates the same herein by reference.

30. Defendants Sedgwick and Fletcher received a bill from Straub Medical Center and knowingly and intentionally withheld this information from Plaintiffs.

31. Due to the amount of the bill, it would have materially affected the amount of the settlement Plaintiffs would have been willing to accept.

32. The actions of each and all Defendaants is the proximate cause of Plaintiffs damages in an amount to be proven at trial in an amount in excess of $250,000.00

33. That it will be necessary for Plaintiffs to incur additional costs in the future and Plaintiffs therefore will be entitled to an award of reasonable fees, costs, and pre-judgment interest of suit incurred herein.

## SECOND CAUSE OF ACTION

### (Failure to negotiate in good faith)

34. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 33 herein as though set forth in full, and incorporates the same herein by reference.
35. Defendant Fletcher purposely and intentionally withheld a bill from Straub Medical Center in the amount of $3,053.00.
36. Defendant Fletcher knew that the amount of the bill from Straub Medical Center would affect the amount of settlement the Plaintiffs would be willing to accept.
37. Defendants Fletcher and Sedgwick failed to negotiate in good and honest faith thereby causing additional damage to Plaintiffs.
38. The actions of each and all Defendaants is the proximate cause of Plaintiffs damages in an amount to be proven at trial in an amount in excess of $250,000.00
39. That it will be necessary for Plaintiffs to incur additional costs in the future and Plaintiffs therefore will be entitled to an award of reasonable fees, costs, and pre-judgment interest of suit incurred herein

## THIRD CAUSE OF ACTION

### (Damage to Plaintiffs Credit ratings)

40. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 39 herein as though set forth in full, and incorporates the same herein by reference.

41. Defendants Sedgwick and Fletcher purposely and knowingly withheld from Plaintiff a bill from Straub Medical Center for services to Plaintiff Sandy.

42. Straub, waited fifteen (15) months to submit the bill to Plaintiffs who now refuse to pay the bill because it was not submitted to them in a timely manner and was submitted after Plaintiffs reached a settlement with Defendants Sedgwick and Fletcher.

43. Straub is threatening to turn this over to a collection bureau. This would severely impact Plaintiffs credit ratings.

44. This whole situation has been generated by Defendants deceit and failure to provide full information to Plaintiffs.

45. The actions of each and all Defendaants is the proximate cause of Plaintiffs damages in an amount to be proven at trial in an amount in excess of $250,000.00.

46. That it will be necessary for Plaintiffs to incur additional costs in the future and Plaintiffs therefore will be entitled to an award of reasonable fees, costs, and pre-judgment interest of suit incurred herein

## FOURTH CAUSE OF ACTION

### (Pain and Suffering)

47. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 46 herein as though set forth in full, and incorporates the same herein by reference.

48. Due to Defendants failure to negotiate in good faith, Plaintiff now makes an additional claim for pain and suffering.

49. Sandy lives in constant pain, now more than fifteen (15) months after the accident. She is unable to walk in a straight line due to the surgery to her leg. She must rely on the use of a walker to keep her from falling.

50. She has fallen three (3) times in our home due to the unsteady leg as a result of the surgery required due to the accident. Paramedics have been called to our home three (3) times to help her up. She is unable to get up by herself and Joel is unable to lift her without hurting her further.

51. The actions of each and all Defendaants is the proximate cause of Plaintiffs damages in an amount to be proven at trial in an amount in excess of $250,000.00.

52. That it will be necessary for Plaintiffs to incur additional costs in the future and Plaintiffs therefore will be entitled to an award of reasonable fees, costs, and pre-judgment interest of suit incurred herein

53. Due to Defendants fraud and failure to negotiate in good faith, Plaintiffs now find it necessary to institute this lawsuit and now seek both compensatory and punitive damages.

54. A Trial by Jury is requested.

## CONCLUSION

Based on the above and foregoing facts and any testimony at time of trial, Plaintiffs ask this Honorable Court to render judgment in favor of Plaintiffs as follows:

1. Award damages for Fraud committed by Defendants Sedgwick and their employee, representative or agent Fletcher in the amount of $50,000.00; and

2. Award damages for failure to negotiate in good faith in the amount of $250,000.00;and

3. Award damages for the problem caused to Plaintiffs credit rating in the amount of $50,000.00

4. Award damages for pain and suffering past, present and future and the inability to be independent for the rest of the life of Plaintiff Sandy in the amount of $250,000.00 or an amount as the Court seems so justified; and

5. Award compensatory and punitive damages for failure to negotiate in good faith; and

6. Award costs incurred in the preparation and filing of this lawsuit and defense of same; and

7. Award costs to be incurred for legal representation if the matter requires same; and

8. Such other damages and awards as may be deemed reasonable by the Honorable Court.

Dated this 31st Day of August, 2022.

Joel C. Hoffman, Plaintiff, Pro Per
27114 Presley Street
Menifee, CA 92586
(702) 544-1771

Sandra Hoffman, Plaintiff, Pro Per
27114 Presley Street
Menifee, CA 92586
(702) 755-7214